Hans G. Robertson and Edward Robertson, Trading as Robertson Bros. Garage, Defendants in Error, v. John M. Carlson, Plaintiff in Error.

## Gen. No. 18,110.

1. EVIDENCE—*what time books are admissible.* In an action for work and materials furnished in repairing an automobile, time books are admissible which are properly identified by the workmen as containing entries made by such workmen in the ordinary course of business contem-

poraneously with the doing of the work for which the charges were made.

2. EVIDENCE—*when error to admit time books.* Under the statute relating to testimony concerning book accounts made "by a deceased person or by a disinterested person, a non-resident of the state at the time of the trial," it is necessary to make books kept by an absent workman admissible that there should be proof that the entries therein were made "by a deceased person," etc., and it is error to admit time books kept by workmen where there is no competent evidence that the entries were made by persons who were either dead or nonresidents of the state at the time of the trial.

Error to the Municipal Court of Chicago; the HON. THOMAS F. SCULLY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Reversed and remanded. Opinion filed May 29, 1913.

WALTER S. HULL, for plaintiff in error.

R. WILSON MORE and FRED B. HOVEY, for defendants in error.

MR. JUSTICE FITCH delivered the opinion of the court.

By this writ of error the defendant seeks to have reversed a judgment against him in the Municipal Court for $104.70 for work, labor and material furnished by defendants in error in repairing an automobile. It appears that defendant's automobile broke down near the garage of defendants in error. Hans Robertson was requested to look at it and found the crank case was broken and that the "rocker arm" had become loose. Defendant asked him if he could repair it, and upon receiving a reply in the affirmative, the machine was towed to plaintiffs' garage and left there for repairs. One of the witnesses testified that in order to make the repairs it was necessary to take the engine apart and have the crank case taken out and welded. Plaintiffs found they could not weld the crank case themselves and sent it to a welding company. Considerable delay resulted, and when it was returned to plaintiffs it did not fit perfectly, and a number of

the engine parts had to be filed and readjusted, and the machine put together in running order. To prove the time spent in doing this, the workmen's time books were offered in evidence. They were objected to by defendant on the ground that no proper foundation had been laid, and this is the chief objection urged.

Some of the time books were properly identified by the workmen themselves as containing original entries made by them in the ordinary course of business contemporaneously with the doing of the work for which the charges were made. These books were properly admitted on the authority of *House v. Beak,* 141 Ill. 290, 296. The remainder were admitted in evidence after the foreman had testified that the books were in the handwriting of workmen who were no longer in plaintiffs' employ and whom he could not find, that he had made inquiries at the last known place of residence or at the last working places of these workmen, and that "the only thing he found was—no one knows where they are, most of them are out of town." As to the workman Reed, there is some evidence that he was in California at the time of the trial. Under section 3 of chapter 51 of the Revised Statutes it was necessary, in order to make the books kept by the absent workmen admissible, that there should be proof that the entries therein were made "by a deceased person, or by a disinterested person, a non-resident of the state at the time of the trial." We find no competent evidence in the record to the effect that the entries in the time books kept by Peterson, Price, Forslund and Rachan were made by persons who were either dead or non-residents of the state at the time of the trial. It was, therefore, error to admit such books. The total number of hours included in the entries made by those workmen is sixty-six hours, the charge for which, at sixty cents an hour, amounts to $39.60. The witness Siddons, another workman, admitted that eight hours of his time, out of the nine and one-half

hours charged against defendant, were employed in doing work having no connection with the repairs ordered, and the witness Hepburn admitted a similar overcharge of twelve hours. These items, at the same rate, amount to $12. Subtracting the sum of these two items from the amount of the judgment leaves $53.10 as the amount which is supported by a preponderance of competent evidence.

If, therefore, the defendants in error will remit within ten days the sum of $51.60, the judgment for the remainder, $53.10, will be affirmed; otherwise the cause will be reversed and remanded for a new trial. *Affirmed on remittitur; otherwise reversed and remanded.*

Reversed and remanded, June 9, 1913.